*641 *The opinion of the Court was delivered by [*445
Huger, J.
I shall proceed to consider the different grounds taken in this case, in the order they were submitted.
The action of replevin has been long used in this State, and the process of withernam is only incidental to it. That it has not been used, may be the effect of accident; perhaps no fit occasion has hitherto been presented for its application. As long as the sheriff could retake the distress, the withernaoji would not be resorted to ; but if ever he made the return of elongata, “that the property had been eloigned,” it is difficult to imagine how the process of the withernaon could have been neglected; its use appears essential to the action of replevin. It would, at least, be very incomplete without it, and I am unable to discover any objection to its use. It is a common law process, and appears as applicable to the circumstances of this country as any other. I am of opinion, therefore, that on the first ground taken, the appellant must fail.
But it is contended, that at common law it could only issue after an alias or pluries, and that, in this case, it followed immediately the original writ of replevin.
At common law, the original writ of replevin was not a returnable process; it was only directory. The sheriff was commanded to restore the goods distrained to the plaintiff, and if he did or did not, the writ did not require him to make a return of his proceedings into Court. An alias and pluries were necessary, therefore, to bring him into Court, for the alias required him not only to restore the distress, but if he did not, to assign his reasons, for not so doing, to the Court, vel nobis causam significas, in the language of the writ. The alias and pluries are, how-, ever, rendered unnecessary in this State, by the Act of 1808,[1] which makes the writ of replevin a returnable writ. The sheriff, therefore, under our Act, returns elongata, on the original writ, and thereby renders unnecessary an alias and pluriesA For, at common law, the withernam ^always follows the return of elongata, the object of which is to . . „ take from the defendant, goods to such an amount as will secure *- [2] the return of the plaintiff’s. It is, in the language of the law, “ a reprisal.” See Weaver v. Lawrence, 1 Dal. 156. 6 Bac. Dalton’s Sheriff. Gilbert on Replevin. Sellon’s Practice. I am, therefore, of opinion that the appellant must also fail on the second ground.
The motion made in behalf of Jennings, appears to have no connection with this case. He is not a party to the suit; he, however, set up a claim to the negro, and, on motion, wished the Circuit Court to decide-on a contested right of property. The Circuit Court promptly refused to interfere. If his property has been taken by the sheriff, without authority, he has another remedy.
The motion is therefore dismissed.
Bay, Colcook, Nott, Gantt, Johnson and RichaRJdson, JJ., con curred.
See Miller’s Cowp. 230.

 5 Stat. 565.

 1 N. & McC. 127.